Kurt E. Alexander, Esq.
Fla. Bar No.: 795755
Rigdon Alexander & Rigdon LLP
125 Tangerine Avenue
Merritt Island, FL 32953
eService@rigdonalexander.com
Attorneys for Geico Casualty Insurance
Company, Geico General Insurance Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

LAURA MONTISANO,

     Plaintiff,

v.

GEICO CASUALTY INSURANCE
COMPANY and GEICO GENERAL
INSURANCE COMPANY,

     Defendants.

_____/

Case No.:

NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C.
§ 1446 (b)(1).

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that the Defendants, GEICO CASUALTY INSURANCE

COMPANY and GEICO GENERAL INSURANCE COMPANY, hereby removes to this Court,

the state court action described below.

1.     On or about May 27, 2022, an action was commenced by Plaintiff in the Circuit Court of

the Seventh Judicial Circuit, in and For Volusia County, Florida, styled as Laura Montisano,

Plaintiff v. Samantha Ste Claire, Geico Casualty Insurance Company, and Geico General

Insurance Company, Case No.: 2022-30784-CICI, therein alleging the jurisdictional minimum

Montisano L. v. GEICO Casualty Co. *et al*
Case No.:  2020-30964-CICI
Notice of Removal
Page 1 of 5

required for the Florida state Circuit Civil Court: *to wit*, greater than $30,000.00. There is no

other statement or indication of the Plaintiff's damages therein. The original state Complaint, is

attached hereto as Exhibit "A".

2.    On September 6, 2022, the Plaintiff filed Notice of Voluntary Dismissal as to Samantha

Ste Claire and Alexa Jean Gates, attached hereto as Exhibit "B".

3.    On or about September 15, 2022, the Plaintiff filed Plaintiff's Answers to Defendant's

Interrogatories, in which the Plaintiff stated that the current medical bills related to the accident

total are $86,245.00, see Page 8, attached as Exhibit "C".

4.    Pursuant to 28 U.S.C. §1446(b), this Notice of Removal has been timely filed because

diversity was first created by the above referenced Notice of Dismissal, filed September 6, 2022,

and the Plaintiff has provided evidence, as of September 15, 2022, that this case meets the

amount in controversy requirements for diversity jurisdiction.

5.    The case is proper for removal because there is diversity of citizenship between the

Plaintiff and the Defendants, and the amount in controversy meets the jurisdictional minimum

requirements of this Court.  28 U.S.C. §1332 (a)(1), (b), (c)(1)(B)(C).

<u>Proof of Citizenship:  Plaintiff</u>

6.    The Plaintiff's Complain, paragraph 2,  provides plausible proof that the Plaintiff is a

citizen of Volusia County, FL.  Plaintiffs have not made an allegation of citizenship from the

state of Maryland.  See Exhibit "A".

<u>Proof of Citizenship:  GEICO Casualty Insurance Company and</u>

<u>GEICO General Insurance Company</u>

7..    The Defendants, GEICO CASUALTY INSURANCE COMPANY and GEICO

GENERAL INSURANCE COMPANY, are separate corporate entities, each incorporated within

the state of Maryland.  The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business.* " 28 U. S. C. §1332(c)(1) (emphasis added).

8.    The Defendant(s) GEICO CASUALTY INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY, have attached Exhibit "D" and "E", that show the Principal Address for each as 5260 WESTERN AVENUE, CHEVY CHASE, MD 20815.  The Defendant's ask this Court to take judicial notice of these facts pursuant to Florida Statute §90.202.

9.    Therefore, the Defendant(s), GEICO CASUALTY INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY submits that Exhibit(s) "D" and "E" establishes diversity of jurisdiction for the purpose of Removal to this Court because the evidence provided establishes that the principle place of business for the Defendant is in Chevy Chase, Maryland. . The "principal place of business" refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's "nerve center." See, *e.g., Wisconsin Knife Works* v. *National Metal Crafters* , 781 F. 2d 1280, 1282 (CA7 1986); *Scot Typewriter Co.* v. *Underwood Corp.* , 170 F. Supp. 862, 865 (SDNY 1959) (Weinfeld, J.). We believe that the "nerve center" will typically be found at a corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

10.    The Defendant(s) have presented evidence that high level corporate officers of the Defendant are registered to do business listing their address in Chevy Chase, Maryland, and that the Defendant is incorporated in Maryland.  The Defendant(s), GEICO CASUALTY

INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY, respectfully submit this is adequate proof to establish diversity of jurisdiction between the Parties.

Proof of Jurisdictional Amount In Controversy

11.     The Defendant(s), GEICO CASUALTY INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY, is in possession of the Plaintiff's Answers to Interrogatories, originally proffered to GEICO CASUALTY INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY, which indicate that the Plaintiff is claiming compensatory damages related to medical bills of at least $86,245.00.   See Page 8 of Exhibit "B".

12.     This plausible proof establishes that the amount in controversy for the instant cause of action is more than the jurisdictional limit of $75,000.00. The United States Supreme Court has provided that *"a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Cherokee Basin Operating Company, LLC v. Owens, 135 S.Ct. 547, 554 (2014).*

WHEREFORE, the Defendant(s), GEICO CASUALTY INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY, respectfully submit that the instant cause of action is timely and properly removed to the U.S. District Court for the Middle District of Florida under 28 U.S.C. § 1332 (a) and 28 U.S.C. §1446 (c)(2)(B).

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to Michael P. Falkowski, Esq., Law Office of Michael P. Falkowski, LAl@falkowskilaw.com, MPFalkowski@aol.com on this 7th day of October, 2022.

_____
Kurt E. Alexander, Esq.
Florida Bar No.: 795755
Kendall B.  Rigdon, Esq.
Florida Bar No.: 046647
Thomas P. Edens, Esq.
Florida Bar No.: 121506
eService@rigdonalexander.com
Rigdon, Alexander & Rigdon LLP
125 Tangerine Avenue
Merritt Island, FL 32953
(321) 452-4111 - phone
(321) 452-4133 - fax
Counsel for Defendant, GEICO

Exhibit "A"

IN THE CIRCUIT COURT IN AND FOR
VOLUSIA COUNTY, FLORIDA

CASE NO:

LAURA MONTISANO,

     Plaintiff,

v.

SAMANTHA STE CLAIRE, GEICO
CASUALTY INSURANCE COMPANY
and GEICO GENERAL INSURANCE
COMPANY,

     Defendants.

_____/

## **COMPLAINT**

COMES NOW, the Plaintiff, LAURA MONTISANO, and sues the Defendants,

SAMANTHA STE CLAIRE, GEICO CASUALTY INSURANCE COMPANY and GEICO

GENERAL INSURANCE COMPANY, hereinafter referred to as "GEICO", stating as follows:

1. This is an action for damages in excess of $30,000, and the action is therefore within

the jurisdiction of this Court.

2. At all times material hereto, Plaintiff was and is a resident of Daytona Beach, Volusia

County, Florida.

3. At all timed material hereto, Defendant, SAMANTHA STE CLAIRE, was a resident

Ormond Beach, Volusia County, Florida,

4. At all times material hereto, Defendant, GEICO CASULALTY INSURANCE

COMPANY, was licensed to do and doing business in the State of Florida.

5. At all times material hereto, GEICO GENERAL INSURANCE COMPANY, was

licensed to do and doing business in the State of Florida.

6.   At all times material hereto, Defendant, GEICO CASUALTY INSURANCE COMPANY, was the insurer of a motor vehicle owned and operated by their insured, LAURA MONTISANO.

7.   At all times material hereto, GEICO GENERAL INSURANCE COMPANY insured Joseph Giomariso, the owner and operator of the vehicle in which Plaintiff, Laura Montisano, was a guest passenger.

## COUNT I

8.   Plaintiff re-alleges and re-affirms the allegations contained in Paragraphs 1 through 7 as though same were fully set forth herein, and further alleges,

9.   On or about January 18, 2022, Plaintiff was the guest passenger in a vehicle traveling on W. Granada Blvd., Ormond Beach, Volusia County, Florida.

10.  On or about January 18, 2022 Defendant, SAMANTHA STE CLAIRE, owned and operated her motor vehicle on W. Granada Blvd., Ormond Beach, Volusia County, Florida.

11.  At the said time and place, SAMANTHA STE CLAIRE did negligently operate or maintain her motor vehicle in such a manner as to cause it to crash into the stopped vehicle in which Plaintiff, LAURA MONTISANO, was a guest passenger.

12.  As a result of the negligence of the Defendant as set forth above, LAURA MONTISANO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity or the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages and earning capacity and aggravation of a pre-existing condition.

13.  The injuries suffered by LAURA MONTISANO are permanent within a reasonable degree of medical probability, other than scarring and disfigurement.

WHEREFORE, LAURA MONTISANO, demands a judgment for compensatory damages against SAMANTHA STE CLAIRE , together with costs, and prejudgment interest, if applicable.

## COUNT II – UNINSURED MOTORIST CLAIM AGAINST GEICO CASUALTY

14.  Plaintiff re-alleges and re-affirms each and every allegation contained in Paragraphs 1 through 13, as through same were more fully set forth at length herein, and further alleges,

15.  As a result of the negligence of the Defendant as set forth above, LAURA MONTISANO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity or the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages and earning capacity and aggravation of a pre-existing condition.

16. The injuries suffered by the Plaintiff, LAURA MONTISANO as a result of this accident are permanent within a reasonable degree of medical probability, other than scarring and disfigurement.

17. The Defendant, SAMANTHA STE CLAIRE, had inadequate Bodily Injury coverage in place at the time of this accident.

18. At the time of this accident, Plaintiff, LAURA MONTISANO, had a policy of insurance in effect with Defendant, GEICO CASUALTY INSURANCE COMPANY, Policy No:

19. The afore-described insurance policy was in full force and effect on the date of the automobile accident and all premiums due and owing had been paid.

20. All conditions precedent to the filing of this lawsuit have been satisfied.

21. Plaintiff, LAURA MONTISANO, is entitled to uninsured/underinsured motorist bodily injury benefits under the policy with GEICO referenced above as the value of the damages and injuries she sustained in the subject accident exceeds the available bodily injury coverage available to the at fault driver.

22. Defendant, GEICO CASULATY INSURANCE COMPANY, is obligated to pay damages suffered by Plaintiff, LAURA MONTISANO, as a result of the subject accident that are in excess of the damages paid to her by the at fault driver's insurance company.

WHEREFORE, LAURA MONTISANO, demands a judgment against the Defendants, SAMANTHA STE CLAIRE and GEICO CASUALTY INSURANCE COMPANY, together with costs, and prejudgment interest, if applicable, and for other such relief as this Court may deem just and proper. Further, Plaintiff demands a trial by jury on all issues so triable.

## COUNT III – UNINSURED MOTORIST CLAIM AGAINST GEICO GENERAL

23. Plaintiff re-alleges and re-affirms each and every allegation contained in Paragraphs 1 through 22, as through same were more fully set forth at length herein, and further alleges,

24. As a result of the negligence of the Defendant as set forth above, LAURA MONTISANO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity or the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages and earning capacity and aggravation of a pre-existing condition.

25. The injuries suffered by the Plaintiff, LAURA MONTISANO as a result of this accident are permanent within a reasonable degree of medical probability, other than scarring and disfigurement.

26. The Defendant, SAMANTHA STE CLAIRE, had inadequate Bodily Injury coverage

in place at the time of this accident.

27. At the time of this accident, the driver of the vehicle in which the Plaintiff was a guest passenger, Joseph Giomariso, had a policy of insurance in effect with Defendant, GEICO GENERAL INSURANCE COMPANY.

28. The afore-described insurance policy was in full force and effect on the date of the automobile accident and all premiums due and owing had been paid.

29. All conditions precedent to the filing of this lawsuit have been satisfied.

30. Plaintiff, LAURA MONTISANO, is entitled to uninsured/underinsured motorist bodily injury benefits under the policy with GEICO GENERAL INSURANCE COMPANY, referenced above as the value of the damages and injuries she sustained in the subject accident exceeds the available bodily injury coverage available to the at fault driver.

31. Defendant, GEICO GENERAL INSURANCE COMPANY, is obligated to pay damages suffered by Plaintiff, LAURA MONTISANO, as a result of the subject accident that are in excess of the damages paid to her by the at fault driver's insurance company.

WHEREFORE, LAURA MONTISANO, demands a judgment against the Defendants, SAMANTHA STE CLAIRE, GEICO CASUALTY INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY, together with costs, and prejudgment interest, if applicable, and for other such relief as this Court may deem just and proper. Further, Plaintiff demands a trial by jury on all issues so triable.

DATED this ___ day of May, 2022

MICHAEL P. FALKOWSKI, P.A.

*/s/ Michael P. Falkowski*
_____
Michael P. Falkowski, III
Florida Bar No.:  161673
138 Live Oak Avenue
Daytona Beach, FL 32114
Phone:  386/257-1606
Fax:     386/254-2870
Email:  la1@falkowskilaw.com

Exhibit "B"

IN THE CIRCUIT COURT IN AND FOR
VOLUSIA COUNTY, FLORIDA

CASE NO:  2022 30794 CICI
Division:    32

LAURA MONTISANO,

      Plaintiff,

v.

SAMANTHA STE CLAIRE, GEICO
CASUALTY INSURANCE COMPANY and
GEICO GENERAL INSURANCE
COMPANY,

      Defendants.

_____/

## NOTICE OF VOLUNTARY DISMISSAL AS TO SAMANTHA STE CLAIRE

## AND ALEXA JEAN GATES

COMES NOW Plaintiff, LAURA MONTISANO, and files this Notice of Voluntary Dismissal of

this action with prejudice pursuant to Rule 1.42(a)(1), as to  SAMANTHA STE CLAIRE and ALEXA

JEAN GATES, ONLY.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically

filed this 6th day of September, 2022, with the Clerk of Court via the Florida Courts E-Filing

Portal, which will send a Notice of Electronic Filing to:  jaxgeico@geico.com for service

upon Julia Miller, Esq., 200 West Forsyth Street, STE 1020, Jacksonville, FL 32202.

MICHAEL P. FALKOWSKI, P.A.

*/s/ Michael P. Falkowski*

_____

Michael P. Falkowski, III
Florida Bar No.: 161673
138 Live Oak Avenue
Daytona Beach, FL 32114
Phone:  386/257-1606
Fax:     386/254-2870
Email:  la1@falkowskilaw.com

IN THE CIRCUIT COURT IN AND FOR
VOLUSIA COUNTY, FLORIDA

CASE NO:  2022 30794 CICI  Div. 32

LAURA MONTISANO,

      Plaintiff,

v.

SAMANTHA STE CLAIRE, GEICO
CASUALTY INSURANCE COMPANY and
GEICO GENERAL INSURANCE
COMPANY,

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF
## ANSWERS TO DEFENDANT'S INTERROGATORIES

Plaintiff, LAURA MONTISANO, by and through the undersigned counsel, hereby files this

Notice of Service of Answers to Interrogatories propounded by Defendants, GEICO CASUALTY

INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY, pursuant to Rule 1.340,

Florida Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically

filed this 15th day of September, 2022 with the Clerk of Court via the Florida Courts E-Filing

Portal, which will send a Notice of Electronic Filing to: jaxgeico@geico.com for service

upon Julia Miller, Esq., 200 West Forsyth Street, STE 1020, Jacksonville, FL 32202.

MICHAEL P. FALKOWSKI, P.A.

*/s/ Michael P. Falkowski*

_____

Michael P. Falkowski, III
Florida Bar No.:  161673
138 Live Oak Avenue
Daytona Beach, FL 32114
Phone:  386/257-1606
Fax:      386/254-2870
Email:  lal@falkowskilaw.com

Exhibit "C"

## INTERROGATORIES TO PLAINTIFF

1.  What is the name, address, telephone number, date of birth, driver's license number and social security number of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

    Laura Montisano, 103 Horseshoe Trail, Ormond Beach, FL  32174
    DOB:  10/04/1951
    SS#: xxx-xx-7084
    FL DL#:  M532-536-51-864-0

    I also live at 737 N. Ridgewood Ave., Daytona Beach, FL 32114 as it is my business as well

2.  List the names, business addresses, dates of employment and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten years.

    Energy Gaurd - sole owner since 2017
    737 N. Ridgewood Ave.
    Daytona Beach, FL  32114

3.  List all former names and when you were known by those names.  State all addresses where you have lived for the past ten years, the dates you lived at each address, and if you are or have ever been married, the name of your spouse or spouses.

    Laura R. Reil, maiden name
    Laura R. Hogg, married to David Hogg 1968-1969    Divorced
    Laura R. Downing, married to Randall Downing  1971-1974   Divorced
    Laura R. Montisano, married for 41 years.  Husband deceased in 2017

    739 N. Ridgewood Ave., Dayrtona Beach, FL  32114  since 2012
    103 Horseshoe Trail, Ormond Beach, FL  32174

4.  Do you wear glasses, contact lenses or hearing aids?  If so, state who prescribed them; when they were prescribed; when your eyes or ears were last examined; and the name and address of the examiner?

    No glasses.  No hearing aids

5   Have you ever been convicted of a crime, other than any juvenile adjudication, which was a felony or was punishable by death or imprisonment in excess of one year, or a crime that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction the specific crime, the date and the place of conviction.

    No

6.  Have you applied at any time for short or long term disability benefits including Social Security Disability benefits? If so, please state the name of any company or governmental agency to whom you have applied for disability benefits; when you first applied for disability benefits and the nature of all disabilities that you claimed in your application.

   No

7.  Did you consume any alcoholic beverages or take any drugs or medication within twelve hours before the time of the incident described in the Complaint? If so, state the type and amount of alcoholic beverages, drugs or medication which were consumed and when and where you consumed them.

   Estran  1.25  mg
   Premarin  0.3 mg
   Lisinopril  40 mg
   Spironolactone  25 mg
   Alprazolam 0.25

8.  Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.
   I was a seat-belted passenger in a vehicle driven by Joe Giomariso.

9.  Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.
   I was a passenger. I was not aware of the other vehicle until impact.

10. At the time of the accident that is the subject of your Complaint, were you prescribed prescription medication for any disease or illness? If so, and for each such prescription, state the name of the physician prescribing the medication, the name of the medication and the disease or illness for which the medication was prescribed.
   See answer to #7 herein. All prescriptions were  prescribed by my primary care physician, Dr. Aubrey Schock.

11. Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

   Cervical pain with radiculopathy into my right side, headaches and treating for TBI.
   Also, low back pain with radiculopathy, imbalance and unsteadiness, left knee pain.

12. List each medical bill or other item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the Complaint, giving for each item the date incurred, the name and business address to whom each was paid or is owed, and the goods or services for which each was incurred. Include all medical bills and any other damages.

   See attached medical bill summary prepared by my attorney's office.

13. Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the Complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

   Yes. As to income, my attorney has not had a chance to meet with my account. This answer will be supplemented at a later date.

14. Has anything been paid or is anything payable from any third party (including any PIP or Med Pay insurer) for the damages listed in your answers to these interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

   See attached medical bill summary.

15.    List the names and business addresses of each physician, clinic or medical facility where
       you have received any treatment or examination for the injuries for which you seek damages
       in this case.  State, as to each physician, clinic or medical facility, the date of treatment or
       examination and the injury or condition for which you were examined or treated.

       Coastal Pain and Neurology, 725 W. Granada Blvd., Ormond beach, FL  32174
       Stand-Up MRI, 555 W. Granada Blvd., Suite H, Ormond Beach, FL  32174
       Halifax Medical Center ER, 303 North Clyde Morris Blvd., Daytona Beach, FL  32114
       Aubrey  Schock, MD, 201 North Clyde Morris Blvd., Suite 240, Daytona Beach, FL  32114
       Sterling Medical Group, 1561 West Fairbanks, Suite 300, Winter Park, FL  32789

16.    List the names and business addresses of all other physicians, medical facilities or other
       health care providers where you have been examined or treated in the past ten years, and
       state as to each the dates of examination or treatment and the condition or injury for which
       you were examined or treated.

       Halifax Primary Care, 201 N. Clyde Morris Blvd., Suite 240, Daytona Beach, FL  32114
       A. Bowers, DDS, 3755 S. Nova Rd., Suite A, Port Orange, FL  - dentist
       C.B. Williamson, MD, 3635 Clyde Morris Blvd, Port Orange, FL   seen in 2019 for left knee
       Margaret DiGaetano, MD, 505 Health Blvd., Daytona Beach, FL  - eye doctor seen for cataracts
       Twin Lakes Imaging, LPGA Blvd., Daytona Beach, FL  32117 - yearly mammograms
       See attached page for additional providers

17.    List the names and addresses of all persons who are believed or known by you, your agents
       or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify
       the subject matter about which the witness has knowledge.

       Joseph Giomariso, 103 Horseshoe Trail, Ormond Beach, FL
       Roxanne Wells, 4730 E. Windstone Trail, Cave Creek, AZ
       Rindy Sauve, 6 Sherwood Dr., Ormond Beach, FL  32174
       Sharon Williams, 808 Angelina Circle, Port Orange, FL  32127
       See attached page for additional persons

18.    Have you heard or do you know about any statement or remark relating to the accident made
       by anyone at the scene of the accident including the drivers of the vehicles involved in the
       accident and the passengers in the vehicles and any witnesses to the accident?  If so, state
       the name and address of each person who made the statement or remark, the name and
       address of each person who heard it, and the date, time, place and substance of each
       statement.

       No

19.    State the name and address of every person known to you, your agents, or attorneys, to have
       knowledge about, or possession, custody or control of any photographs or video pertaining
       to any fact or issue involved in this controversy including any photographs or video taken at
       the scene of the accident and any vehicle photographs.  As to each such person describe
       what such person has, the name and address of the person who took or prepared it, and the
       date it was taken or prepared.

       My attorney is in possession of photographs of the vehicle I was a passenger in that
       was damaged in the accident.  These photographs were taken by the owner and driver
       of the vehicle, Joseph Giomariso

20.    With regard to any recommendation for surgery you have received, state: the name and address of the surgeon who made the recommendation; the surgery recommended including the part of the body; whether surgery is scheduled; and whether you presently intend to have the surgery.

 Not at this time

21.    Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter and if so, state whether you were Plaintiff or Defendant, the nature of the action, and the date and court in which such suit was filed.

 Yes.  In a consortium case of my husband's case for malpractice over 20 years ago
 Filed in Volusia County

22.    At the time of the incident described in the Complaint, were you wearing a seat belt?  If not, please state why not; where you were seated in the vehicle; and whether the vehicle was equipped with a seat belt that was operational and available for your use.

 Yes

23.    Please list by name and address every entity, including without limitation medical providers, to whom you or your attorney has issued a letter of protection or lien in connection with this action.

 Coastal Pain and Neurology, 725 W. Granada Blvd., Suite 22, Ormond Beach, FL  32174
 Stand-Up MRI, 555 W. Granada Blvd., Suite H-1, Ormond Beach, FL  32174

24.    Have you belonged to or been a member of health clubs, gyms, athletic or fitness clubs or organizations within the past five (5) years?  If so, state the name and address of each such facility and your dates of memberships.

 Yes.    Nova Rec Center, 440 N. Nova Rd., Ormond Beach, FL  32174  2017
    Holly Hill YMCA, 1046 Daytona Ave., Holly Hill, FL  32117  2018
    Anytime Fitness, 302 N. Nova Rd., Ormond Beach, FL  32174  2018
    Gold's Gym, 330 W. Granada Blvd., #200, Ormond Bch,m FL  32174  2021

25.     Please state the name and address of any health care provider from whom you have sought treatment for any psychological, psychiatric or emotional illness.

>   Not applicable

26.     If the alleged injury or injuries sustained in the accident prevent you or make it more difficult for you to perform your work or occupation or in any way inhibit you or interfere with your daily activities (including recreational activities), please state specifically in what manner you are affected.

>   Yes.
>
>   The activities that are greatly affected by my injuries are the following:  Gardening and yeardwork, housework, running, walking, traveling as I cannot sit for a ong period of time, Tybo, pickleball, volunteering at St. Paul's, playing with my grandchild, sexual activities.

27.     Please state what diagnostic studies including MRIs, CT scans and x-rays, that you or your attorney possess and list the date of the study, the type of study, the part of the body involved and the name and address of the facility the film was taken.

>   Neither my attorney nor myself are in possession of fils, MRI's, etc.  However, all diagnostic test results have been provided to Defendant in Plaitniff's Response to Request to Produce.

28.     Have you ever suffered any injuries in any accident, including but is not limited to, motor vehicle accidents (whether you were a driver, passenger or a pedestrian), slip and falls, or on the job injuries) either prior to or subsequent to the accident referred to in the complaint?  If so, for each such accident state:  the date and place of such injury; a detailed description of all the injuries you received; the names and addresses of all health care providers and hospitals rendering treatment to you as a result of your injuries; and whether you made any claim for bodily injury including workers compensation claims and the name and address of each attorney retained to represent you for such claims.

>   Yes.  I was involved in a bicycle accident in Arizona in 2019.  I treated with Dr. C.B. Williamson when I returned home for a left knee injury.

29.     As to each body part you claim to have injured as a result of the subject accident, please state whether, prior to the subject accident, you ever treated with any medical provider concerning such body parts?  If so, please identify the name and address of any such medical providers with whom you treated, the approximate dates of treatment and the specific reason for the treatment.

>   I have not been seen previously for any of my current injuries.

Medical Summary of ___Laura Montisano___

As of ___9/2/22___

D/Accident : 9/18/22

D/Birth :

Soc Sec No :

Address: _____

Telephone : _____ (home)

_____ (other)

| Provider | Charges | PIP Paid | Health | Adj Other | Balance |
|---|---|---|---|---|---|
| Halifax Med. Center | $5,885.00 | 3,531.00 | | 2,354.00 | –0– |
| Halifax ER Phys. | $650.00 | 520.00 | 183.65 | 130.00 | –0– |
| Coastal Neurology | $67,080.00 | 5,082.07 | 3,024.89 | 20,709.14 | 34,538.38 |
| Radiology Assoc. | 280.00 | 224.00 | | | 56.00 |
| Stand-Up MRI | 10,850.00 | 2,710.46 | | 1,411.92 | 6,727.62 |
| Sterling Medical | 1,500.00 | | | | 1,500.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Tort Carrier/Coverage_____ UM Carrier/Coverage _____ Lost Wages_____

Pip Coverage _____ Health Insurance _____ Liens _____

MPF Costs _____ Referred By_____ Property Damage_____

Impairment Ratings: _____%

_____ _____
(Doctor)                 (Date)

_____%

_____ _____
(Doctor)                 (Date)

CONTINUATION OF ANSWERS TO INTERROGATORIES TO PLAINTIFF

#16.    Dr. Avante, 731 Dunlawton Ave., #105, Port Orange, FL  - Endontist seen for root canal

Dr. Dhand, 1893 N. Clyde Morris Blvd., #120, Daytona Beach, FL  - doctor seen for stomach issues and colonoscopy   2018 – 2019 and again in 2022

Advent Heath ER, 301 Memorial Medical Parkway Blvd., Daytona Beach, FL  - seen for stomach issues in 2018  or 2019

#17.    Laurel Linchuck, 900 Riverside Drive, Holly Hill, FL  32117

David Hanna, c/o Halifax Medical Center

My attorney, Michael P. Falkowski

All those persons listed on the accident report

The above all have knowledge of liability and damages

My treating physicians have knowledge of damages

## VERIFICATION OF ANSWERS TO INTERROGATORIES

_____
(Signature)

STATE OF FLORIDA                          )
                                          )
COUNTY OF _Volusia_____                   )

The foregoing instrument was sworn to (or affirmed) and subscribed before me, by means

of ☑ physical presence or ☐ online notarization, this 15ᵗʰ day of September 2022, by

_____. Before me, the undersigned authority, personally appeared

_Laura R. Montisano_____, who after being duly sworn, deposes and says that he/she is

the person named in the foregoing Answers to Interrogatories, that he/she has read the same, knows

the contents thereof and the same are true as stated,  who is personally known to me or who has

produced _____ as identification.

_9-15-22_____
DATE

_____
NOTARY PUBLIC
(SEAL)



DIANE LENORE SALVO
MY COMMISSION # HH 148585
EXPIRES: July 20, 2025
Bonded Thru Notary Public Underwriters

Exhibit "D"

DIVISION OF CORPORATIONS



## Detail by Entity Name

Foreign Profit Corporation
GEICO CASUALTY COMPANY

**Filing Information**

| | |
|---|---|
| **Document Number** | 857576 |
| **FEI/EIN Number** | 52-1264413 |
| **Date Filed** | 08/30/1983 |
| **State** | NE |
| **Status** | ACTIVE |
| **Last Event** | AMENDMENT |
| **Event Date Filed** | 07/12/2021 |
| **Event Effective Date** | NONE |

**Principal Address**

5260 WESTERN AVENUE
CHEVY CHASE, MD 20815-0799

Changed: 06/18/1992

**Mailing Address**

ONE GEICO PLAZA
WASHINGTON, DC 20076

Changed: 08/25/2004

**Registered Agent Name & Address**

CHIEF FINANCIAL OFFICER
200 E. GAINES ST
TALLAHASSEE, FL 32399-0000

Name Changed: 03/17/2003

Address Changed: 01/08/2014

**Officer/Director Detail**

**Name & Address**

Title CEO

COMBS, TODD A
5260 WESTERN AVE
CHEVY CHASE, MD 20815

Title Director

White, Hollis
5260 WESTERN AVENUE
CHEVY CHASE, MD 20815

Title Secretary

ROBINSON, WILLIAM C.E.
5260 WESTERN AVENUE
CHEVY CHASE, MD 20815

Title Treasurer

CRAIG, NEAL M
5260 WESTERN AVENUE
CHEVY CHASE, MD 20815

**Annual Reports**

| Report Year | Filed Date |
|-------------|------------|
| 2020 | 01/13/2020 |
| 2021 | 04/20/2021 |
| 2022 | 01/25/2022 |

**Document Images**

| | |
|---|---|
| 01/25/2022 -- ANNUAL REPORT | View image in PDF format |
| 07/12/2021 -- Amendment | View image in PDF format |
| 04/20/2021 -- ANNUAL REPORT | View image in PDF format |
| 01/13/2020 -- ANNUAL REPORT | View image in PDF format |
| 04/03/2019 -- ANNUAL REPORT | View image in PDF format |
| 02/15/2018 -- ANNUAL REPORT | View image in PDF format |
| 02/28/2017 -- ANNUAL REPORT | View image in PDF format |
| 04/21/2016 -- ANNUAL REPORT | View image in PDF format |
| 02/03/2015 -- ANNUAL REPORT | View image in PDF format |
| 01/08/2014 -- ANNUAL REPORT | View image in PDF format |

| 03/25/2013 -- ANNUAL REPORT | View image in PDF format |
| 04/19/2012 -- ANNUAL REPORT | View image in PDF format |
| 03/21/2011 -- ANNUAL REPORT | View image in PDF format |
| 04/15/2010 -- ANNUAL REPORT | View image in PDF format |
| 04/22/2009 -- ANNUAL REPORT | View image in PDF format |
| 05/20/2008 -- ANNUAL REPORT | View image in PDF format |
| 05/01/2007 -- ANNUAL REPORT | View image in PDF format |
| 04/04/2006 -- ANNUAL REPORT | View image in PDF format |
| 02/01/2005 -- ANNUAL REPORT | View image in PDF format |
| 03/16/2004 -- ANNUAL REPORT | View image in PDF format |
| 03/31/2003 -- ANNUAL REPORT | View image in PDF format |
| 05/09/2002 -- ANNUAL REPORT | View image in PDF format |
| 04/23/2001 -- ANNUAL REPORT | View image in PDF format |
| 01/31/2000 -- ANNUAL REPORT | View image in PDF format |
| 04/13/1999 -- ANNUAL REPORT | View image in PDF format |
| 03/20/1998 -- ANNUAL REPORT | View image in PDF format |
| 03/21/1997 -- ANNUAL REPORT | View image in PDF format |
| 02/16/1996 -- ANNUAL REPORT | View image in PDF format |

Florida Department of State, Division of Corporations

Exhibit "E"



Department of State  /  Division of Corporations  /  Search Records  /  Search by Entity Name  /

# Detail by Entity Name

Foreign Profit Corporation

GEICO GENERAL INSURANCE COMPANY

## Filing Information

| | |
|---|---|
| **Document Number** | 841347 |
| **FEI/EIN Number** | 75-1588101 |
| **Date Filed** | 08/25/1978 |
| **State** | NE |
| **Status** | ACTIVE |
| **Last Event** | AMENDMENT |
| **Event Date Filed** | 07/12/2021 |
| **Event Effective Date** | NONE |

## Principal Address

5260 WESTERN AVENUE
CHEVY CHASE, MD 20815

Changed: 06/18/1992

## Mailing Address

ONE GEICO PLAZA
WASHINGTON, DC 20076

Changed: 08/25/2004

## Registered Agent Name & Address

CHIEF FINANCIAL OFFICER
200 E. GAINES ST
TALLAHASSEE, FL 32399-0000

Name Changed: 03/17/2003

Address Changed: 01/08/2014

## Officer/Director Detail

**Name & Address**

Title CEO

COMBS, TODD A
5260 WESTERN AVENUE
CHEVY CHASE, MD 20815

Title Secretary

ROBINSON, WILLIAM C.E
5260 WESTERN AVENUE
CHEVY CHASE, MD 20815

Title Director

White, Hollis A
5260 WESTERN AVENUE
CHEVY CHASE, MD 20815

Title Treasurer

CRAIG, NEAL M
5260 WESTERN AVENUE
CHEVY CHASE, MD 20815

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2020 | 01/13/2020 |
| 2021 | 04/19/2021 |
| 2022 | 01/25/2022 |

**Document Images**

| | |
|---|---|
| 01/25/2022 -- ANNUAL REPORT | View image in PDF format |
| 07/12/2021 -- Amendment | View image in PDF format |
| 04/19/2021 -- ANNUAL REPORT | View image in PDF format |
| 01/13/2020 -- ANNUAL REPORT | View image in PDF format |
| 04/03/2019 -- ANNUAL REPORT | View image in PDF format |
| 02/15/2018 -- ANNUAL REPORT | View image in PDF format |
| 02/28/2017 -- ANNUAL REPORT | View image in PDF format |
| 04/21/2016 -- ANNUAL REPORT | View image in PDF format |
| 02/03/2015 -- ANNUAL REPORT | View image in PDF format |
| 01/08/2014 -- ANNUAL REPORT | View image in PDF format |

| | |
|---|---|
| 03/25/2013 -- ANNUAL REPORT | View image in PDF format |
| 04/19/2012 -- ANNUAL REPORT | View image in PDF format |
| 03/21/2011 -- ANNUAL REPORT | View image in PDF format |
| 04/14/2010 -- ANNUAL REPORT | View image in PDF format |
| 04/21/2009 -- ANNUAL REPORT | View image in PDF format |
| 05/20/2008 -- ANNUAL REPORT | View image in PDF format |
| 05/01/2007 -- ANNUAL REPORT | View image in PDF format |
| 04/04/2006 -- ANNUAL REPORT | View image in PDF format |
| 02/01/2005 -- ANNUAL REPORT | View image in PDF format |
| 03/16/2004 -- ANNUAL REPORT | View image in PDF format |
| 03/31/2003 -- ANNUAL REPORT | View image in PDF format |
| 05/09/2002 -- ANNUAL REPORT | View image in PDF format |
| 04/23/2001 -- ANNUAL REPORT | View image in PDF format |
| 01/31/2000 -- ANNUAL REPORT | View image in PDF format |
| 04/16/1999 -- ANNUAL REPORT | View image in PDF format |
| 03/20/1998 -- ANNUAL REPORT | View image in PDF format |
| 03/24/1997 -- ANNUAL REPORT | View image in PDF format |
| 02/16/1996 -- ANNUAL REPORT | View image in PDF format |
| 02/24/1995 -- ANNUAL REPORT | View image in PDF format |

Florida Department of State, Division of Corporations